Dear Mr. Colomb,
Your request for an attorney general's opinion has been forwarded to me for research and reply.
According to your request, the Office of the State Long-Term Care Ombudsman ("OSO"), which is a part of the Governor's Office of Elderly Affairs, managed the production of a DVD titled The Big Uneasy:Katrina's Unsung Heroes. The DVD was produced as a part of a larger project undertaken to address staffing issues in nursing homes following Hurricanes Katrina and Rita. The DVD presents lessons learned in the storm and during its aftermath, taking stories by nursing home staff and residents and using them to illustrate important points. Production of the DVD was funded by the Department of Health and Hospitals ("DHH") using civil monetary penalties paid into a federally mandated, restricted use fund administered by DHH for the limited purpose of benefitting nursing home residents.
OSO is in the process of completing the duplication and distribution of the videos to target audiences selected for their ability to impact the lives of nursing home residents within and outside of the State of Louisiana. OSO has continued to receive requests from interested parties beyond those target audiences who desire to purchase the DVD. Therefore, OSO would like to ensure the DVD is accessible to as many people as possible by offering it for sale to interested parties but does not want to be the party responsible for actually selling the videos. Instead, it would like to enter into a cooperative endeavor agreement *Page 2 
with a private, not-for-profit entity that will manage the advertisement, process orders, and distribute the DVD. Under the terms of the cooperative endeavor agreement, OSO would recoup the costs it incurs for the duplication of the DVD. The private entity would recoup its costs incurred in shipping and storing the DVDs. There is no expectation that the private party will make any profit from the sale of the DVDs, which will be sold at the cost required to recover all expenses associated with the duplication, marketing and sale of the DVD, and nothing more.
Based on these facts, you have requested an opinion of this office as to whether such a cooperative endeavor agreement is permissible. You also ask whether the DVD has a potential market value that exceeds its educational value. If so, you ask for guidance on how to manage the distribution of the DVD to the widest possible audience.
Cooperative endeavor agreements, such as the ones you intend to enter into, are authorized by La.Const. art. VII, Sec. 14(C), which provides:
For a public purpose, the state and its political subdivisions or political corporation may engage in cooperative endeavors with each other, with the United States or its agencies, or with any public or private association, corporation, or individual.
Section (C) merely supplements the prohibition against gratuitous donations contained in section (A) of La.Const. art. VII, Sec. 14. It does not create an exception to or exemption from the general constitutional norm. Therefore, even though the expenditure of public funds and transfer of public property is being done pursuant to a cooperative endeavor agreement, the expenditure still must be examined in light of La.Const. art. VII, § 14(A) which provides in pertinent part, as follows:
Section 14(A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private . . .
This constitutional provision is violated "when public funds or property are gratuitously alienated." Board of Directors of the IndustrialDevelopment Board of the City of Gonzales, Louisiana, Inc. v. AllTaxpayers, Property Owners, Citizens of the City ofGonzales, et al., 2005-2298 (La. 9/6/06), 938 So.2d 11, 20 (the"Cabela's" case). Based on the standard articulated inCabela's, it is our opinion that in order for an expenditure of public funds to be permissible under La.Const. art. VII, Sec. 14(A), the entity spending the funds must have the legal authority to so do and must be able to show: (i) a public purpose for the expenditure or transfer that comports with the governmental purpose for which *Page 3 
the public entity has legal authority to pursue; (ii) that the expenditure or transfer, taken as a whole, does not appear to be gratuitous; and (iii) that the public entity has a demonstrable, objective, and reasonable expectation of receiving at least equivalent value in exchange for the expenditure or transfer of public funds.
It is our opinion that the cooperative endeavor agreement you propose is for a public purpose. As mandated by the Older Americans Act, 42 U.S.C.A. 3001, et seq., the mission of the OSO is to seek resolution of problems and advocate for the rights of residents of long-term care facilities with the goal of enhancing the quality of life and care of residents. In doing so, the OSO is authorized to "carry out such other activities as the Assistant Secretary determines to be appropriate." 42 U.S.C.A. 3058g(a)(3)(l). By making the DVD available to the widest audience possible, the OSO is promoting best practices in staff development and management that prepares a nursing home to cope during and after natural or man-made disasters.
While it is clear OSO has the authority to distribute these DVDs through cooperative endeavor agreements and that doing so is for a public purpose for which OSO was created, OSO must also ensure that it is not simply giving public property away; i.e., that it is receiving equivalent value for the DVDs. Based on the language of the cooperative endeavor agreement you provided, it appears that OSO is receiving at least equivalent value for any public funds it spends in the duplication of the DVD because OSO is being reimbursed for the actual costs associated with duplication of the video. OSO has also reserved the duplication rights to the DVD. This may result in additional value in the event the DVD turns out to have a market value higher than expected.
The determination of whether the DVDs have a potential market value that exceeds their educational value is a factual determination that our office cannot make. That decision must be made by your office or by a court of law. If it is determined that the DVD has a market value that exceeds its educational value, OSO should adjust the sale price to ensure that OSO is receiving at least equivalent value for the product it is selling.
Accordingly, it is the opinion of this office that OSO has the authority to distribute and/or sell copies of the DVDs it produced highlighting staffing issues following Hurricanes Katrina and Rita by entering into a cooperative endeavor agreement with a not-for-profit entity that will be responsible for marketing, storing, and shipping the DVDs so long as OSO is receiving at least equivalent value for the DVDs. *Page 4 
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
Yours very truly,
JAMES D. "BUDDY" CALDWELL Attorney General
By: _____________________ Lindsey K. Hunter Assistant Attorney General
JDC/LKH/crt